IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JOSE R. REYES,** *pro se* | * |
| Plaintiff | * |
| v. | * Civil No. **PJM 12-3798** |
| **BANK OF AMERICA, N.A., et al.** | * |
| Defendants | * |

## MEMORANDUM OPINION

Jose R. Reyes, *pro se*, has sued Bank of America, N.A. ("BANA"); Bank of New York Mellon ("BONY"); Mortgage Electronic Registration Systems, Inc. ("MERS"); American Bank, F.S.B. ("American Bank"); and Gregory D'Arco, trustee, alleging eight separate causes of action. BANA, BONY, and MERS have filed a Motion to Dismiss [Paper No. 6]. For the following reasons, the Court **GRANTS**, as to all Defendants, served and unserved, the Motion to Dismiss **WITH PREJUDICE** as to Count 8 and **WITHOUT PREJUDICE** as to all other counts.

### I.

Although the Complaint provides little factual detail, the Court has pieced together what appears to be the gist of the complaint from various documents filed in this case.

On or about October 11, 2006, Reyes purchased a residential property at 3523 Moylan Drive, Bowie, Maryland, with a loan from American Bank.[1] According to the Deed of Trust, American Bank was the lender, Gregory D'Arco was designated as the trustee of the Deed of Trust, and MERS was designated as the nominee for American Bank. According to an

---

[1] Although the Complaint alleges that the property was purchased on or about October 11, 2006, the Deed of Trust attached as Exhibit A to the Defendants' Motion to Dismiss is dated October 19, 2007.

1

Assignment executed August 26, 2011, MERS assigned all its right, title, and interest in and to the Deed of Trust to BONY. The Assignment was recorded in the land records of Prince George's County.[2] Defendants represent that BANA is the servicer of the loan. Reyes alleges he made timely payments on the underlying loan, but that Defendants misapplied his loan payments. He further alleges that a dispute exists as to the payments he received credit for, the amount still due from him, and the identity of the entity entitled to enforce the Deed of Trust.

Reyes filed the present action on December 27, 2012, seeking damages in the amount of $30,000, an accounting, and declaratory relief. He posits eight causes of action against all Defendants: negligence (Count 1), fraud (Count 2), an accounting (Count 3)[3], breach of contract (Count 4), restitution for unjust enrichment (Count 5), a right for quiet title (Count 6), declaratory relief (Count 7), and violation of the Fair Debt Collection Practices Act ("FDCPA") (Count 8). The FDCPA claim is the only federal cause of action in the case.

The Motion to Dismiss was filed by BANA, BONY, and MERS. American Bank and D'Arco have not joined in the Motion, but there is no evidence that either has ever been served with process.

## II.

In evaluating a Rule 12(b)(6) motion to dismiss, the "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff . . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). However, the Court need not accept as true "legal conclusions, elements of a cause of action, and

---

[2] Although the Complaint alleges that American Bank assigned the Note and Deed of Trust on or about November 28, 2011, the Assignment from MERS attached as Exhibit B to Defendants' Motion to Dismiss shows that the Assignment was executed on August 26, 2011.
[3] This claim was labeled as Count 4 in Reyes' Complaint; however, there was no Count 3. The Motion numbered the Counts 1 through 8, rather than following the Complaint's numbering. The Court has adopted the Motion's numbering.

2

bare assertions devoid of further factual enhancement." *Id*. There must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The factual allegations must state a claim for relief that is plausible, meaning they must "permit the court to infer more than the mere possibility of misconduct." *Iqbal,* 556 U.S. at 679.

Complaints filed by *pro se* plaintiffs are "to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Nonetheless, a *pro se* complaint must at least meet a minimal threshold of plausibility.

### III.

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The FDCPA defines a debt collector as a person or entity "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "As a general matter, Creditors are not subject to the FDCPA." *Maguire v. Citicorp Retail Services, Inc.*, 147 F.3d 232, 235 (2nd Cir. 1998); *see* 15 U.S.C. § 1692(a)(6). It is well-settled law that creditors, mortgagees, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA. *Scott v. Wells Fargo Home Mortgage Inc.*, 326 F. Supp. 2d 709, 717 (E.D. Va. 2003) *aff'd*, 67 F. App'x 238 (4th Cir. 2003).

The short of the matter is that Defendants are not "debt collectors" subject to liability under the FDCPA. Reyes alleges that he has paid all sums due. There is no evidence that the loan was in default when it was assigned to BONY and when BANA became the servicer. Here, BANA, BONY, and MERS were at all relevant times acting as creditors and mortgagees seeking

3

to collect a due *owed to themselves*, not to a third party; hence, they do not fall under the definition of "debt collector." The same applies to Defendants yet to be served, American Bank and D'Arco.

In any event, the Complaint fails to provide factual allegations that would support a finding that the Defendants engaged in an act prohibited by the FDCPA. Reyes alleges that all Defendants violated the FDCPA "by illegal and improper acts, to wit, asking, demanding, soliciting, threatening and oppressively, wrongfully seeking for sums in payment of a debt not established nor proved and not due or validated by means prohibited by the language within the FDCPA, inclusively." These labels and conclusions, without any factual allegations, do not support a plausible claim for relief.

Reyes fails to state a claim upon which relief can be granted under the FDCPA.

**IV.**

The FDCPA claim is the only federal question to give the Court subject matter jurisdiction over this case and jurisdiction cannot be based on diversity since both Reyes and several Defendants are residents of Maryland. Because Reyes has failed to state a claim under the FDCPA, the Motion to Dismiss will be granted as to that claim. The Court need not await service upon them, but, for the same reasons, it will *sua sponte* dismiss that claim as to American Bank and Gregory D'Arco.

Counts 1 to 7 are governed by state law. With the FDCPA claim out of the case, the Court chooses not to exercise supplemental jurisdiction over those remaining counts. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a court grants a

motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims"). Accordingly, except as to the FDCPA count, which is being dismissed with prejudice, the remainder of the Complaint will be dismissed without prejudice as to all Defendants. Reyes may choose to re-file in state court but, as to the remaining counts, without ruling on the matter, the Court strongly suggests that Reyes consult with an attorney before proceeding further.

## V.

For the foregoing reasons, Moving Defendants' Motion to Dismiss [Paper No. 6], as to all Defendants, served or unserved, is **GRANTED WITH PREJUDICE** as to Count 8, the FDCPA count, and **WITHOUT PREJUDICE** as to all other counts.

                                                                    /s/
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**

**November 8, 2013**